## IN THE CIRCUIT COURT OF HAYWOOD COUNTY TENNESSEE

FILED
JUN 07 2022
MARY B. LONON
CLERK

**MICHAEL DAVIS,**

    Plaintiff,

vs.                                 Docket No.:
                                      JURY DEMANDED

**TAMRAT H. ASRAT
and TANA LOGISTICS, LLC.,**

    Defendants.

## COMPLAINT FOR AUTOMOBILE NEGLIGENCE

**COMES NOW** the ("Plaintiff"), MICHAEL DAVIS, by and through counsel, and files this Complaint against the Defendants, TAMRAT H. ASRAT and TANA LOGISTICS, INC., ("Defendants") for personal injuries and damages and would respectfully state unto this Honorable Court the following to wit:

## PARTIES

1. Plaintiff, Michael Davis, is an adult resident of Cabot, Lonoke County, Arkansas.

2. Upon information and belief, Defendant, Tamrat H. Asrat, is an adult resident of Alexandria, Fairfax County, Virginia, and may be served with process at 772 N. Ripley Street.

3. Upon information and belief, Plaintiff alleges that Defendant Tana Logistics, LLC. (hereafter "Tana Logistics"), is a domestic limited-liability company doing business in the state of Nevada with its principal office located at 4170 S. Decatur Blvd., Suite 118, Las Vegas, NV 89103, who may be served with process through its registered agent, Danat Gebremesdhin Gebremesikel, 7866 Tidal Pool Ct., Las Vegas, NV 89139.

4. Plaintiff's cause of action arises in tort, as a result of injuries sustained due to the


EXHIBIT A

negligent operation of a motor vehicle driven by Defendant Tamrat H. Asrat in Haywood County, Tennessee on or about January 7, 2022, upon information and belief, the vehicle is owned by Defendant Tana Logistics, LLC.

## JURISDICTION AND VENUE

5. All events which form the basis of this Complaint occurred in Haywood County, Tennessee.

6. Venue is properly situated in Haywood County, Tennessee.

7. This Court has jurisdiction over the parties to this litigation.

8. This Court has jurisdiction over the subject matter of this litigation.

9. Defendant Tamrat H. Asrat was properly served with process.

10. Defendant Tana Logistics, LLC. was properly served with process.

## FACTS

11. On or about January 7, 2022, at approximately 8:46p.m., Plaintiff, Michael Davis, was operating a 2016 International Tractor Trailer traveling eastbound on Interstate 40 in the right lane.

12. Upon information and belief, Defendant, Tamrat H. Asrat, was operating a 2016 Volvo Tractor Trailer, owned by Tana Logistics, LLC.

13. Defendant, Tamrat H. Asrat, upon information and belief, was pulled over in the eastbound shoulder of Interstate 40 without any back trailer lights on.

14. Upon information and belief, suddenly and without warning, Defendant, Tamrat H. Asrat, pulled onto Interstate 40 at a very low rate of speed with his trailer lights off. As a result the Defendant's low speed and not having his trailer lights on, Plaintiff was unable to observe Defendant and collided with Defendant's tractor trailer with the front end of his

2016 Volvo Tractor Trailer that he was operating.

15. As a result of the crash, Plaintiff, Michael Davis, sustained serious injuries, including but not limited to, closed fracture of sternum, bilateral pulmonary contusion, contusion of multiple sites, effusion of both knee joints, injury of ligament of hand, permanent scarring and colon perforation.

16. As a direct result of the Defendants' negligence, the Plaintiff suffered serious and severe personal injuries and damages.

17. At all times pertinent to this Complaint, Defendant, Tana Logistics, LLC, was acting through its agent, servant, employee and/or independent contractor, specifically, the driver, Defendant, Tamrat H. Asrat, and therefore, Plaintiff relies on the doctrine of *Respondeat Superior*.

18. Defendant Tana Logistics, LLC., is the true owner of the vehicle that Defendant Tamrat H. Asrat was operating.

19. Plaintiff pleads Defendant, Tamrat H. Asrat, was using the vehicle with Defendant Tana Logistics, LLC's authority, consent and knowledge pursuant to Tennessee Code §55-10-311.

20. At the time of the subject wreck, Defendant Tamrat H. Asrat, had a duty to drive in conformance with the Federal Motor Carrier Safety Regulations and Tennessee law as well as the industry and corporate standards and guidelines emanating from these safety regulations and Tennessee law, including, but not limited to, the Required Knowledge and Skills set forth in 49 CFR §§ 383.111 and 383.113 as well as the mandates of 49 CFR §§ 390.

## CAUSE OF ACTION
## NEGLIGENCE

21. Plaintiff incorporates paragraphs 1-20 as though set forth herein verbatim.

22. Defendant, Tamrat H. Asrat, was, at all times relevant to the events complained of, an employee, agent, and/or independent contractor of Defendant Tana Logistics, LLC

23. Plaintiff relies upon the doctrines of agency, *Respondeat Superior*, and avers that Defendant Tana Logistics, LLC., is liable for the negligence of its employee, agent, and/or independent contractor, Defendant Tamrat H. Asrat.

24. Plaintiff charges and alleges that all of the acts and/or omissions of common law negligence of the driver, Defendant Tamrat H. Asrat, are imputed to the owner of the van, Defendant, Tana Logistics, LLC

25. Defendant Tamrat H. Asrat had a duty to operate his commercial vehicle in a safe and prudent manner in accordance with his training as a professional commercial motor vehicle driver and so as not to endanger the lives and welfare of the Plaintiff and the motoring public. This duty included keeping a proper lookout, paying attention, obeying traffic control devices, and operating his commercial vehicle at a reasonable and prudent speed in accordance with the conditions of the roadway and all traffic laws and regulations.

26. As a professional truck driver, Defendant Tamrat H. Asrat also had a duty to operate his truck-tractor in accordance with the standards required of commercial vehicle drivers and in accordance with the required skills and knowledge set forth in 49 CFR §§ 383.111 and 383.113; the mandates of 49 CFR §§ 390-395; and industry and corporate standards and guidelines that emanate from these safety regulations.

27. Defendant Tamrat H. Asrat acted with less than and/or failed to act with ordinary and reasonable care in the operation of the tractor trailer.

a. Negligent in failing to use that degree of care and caution in the operation of his vehicle as is required of a reasonable and prudent person under the same or similar circumstances existing at the time and place of the collision;

b. Negligent in failing to maintain a proper look out for other vehicles;

c. Negligent in failing to keep his vehicle under proper control;

d. Negligent in failing to warn the Plaintiff;

e. Negligent in failing to devote his full time and attention to the operation of his vehicle;

f. Negligent in failing to bring and/or keep the vehicle he was operating under proper control when he saw or should have seen, in the exercise of reasonable care, that a collision was imminent; and

g. Negligent in failing to prevent the accident and resulting injuries of the Plaintiff when he knew or in the exercise of ordinary care, should have known that a collision was imminent.

28. As a direct and proximate result of the Defendants' negligence, Plaintiff suffered significant and serious injuries, which would not have otherwise occurred.

29. The above-referenced acts of negligence of the Defendants were the cause in fact and proximate cause of the incident described in this Complaint, which resulted in the Plaintiff suffering significant physical and emotional injuries and damages.

## NEGLIGENCE *PER SE*

30. The Plaintiff repeats the allegations contained in paragraphs 1-29 as though set forth verbatim.

31. Plaintiff charges and alleges that Defendant Tamrat H. Asrat was guilty of violating one or more of the following statutes of the State of Tennessee, each and every such statute being in full force and effect at the time and place of the collision complained of, each and every such violation constituting a separate and distinct act of negligence per se, and each and every such act constituting a direct and proximate cause of the Plaintiffs' injuries and damages, to-wit:

    a. Tenn. Code Ann. § 55-8-103.   Required obedience to traffic laws;

    b. Tenn. Code Ann. § 55-8-123.   Driving on roadways laned for traffic;

    c. Tenn. Code Ann. § 55-8-136.   Drivers to exercise due care;

    d. Tenn. Code Ann. § 55-8-197.   Failure to yield right of way;

    e. Tenn. Code Ann. § 55-9-402.   Lights Required on Motor Vehicles — Exceptions and;

    f. Tenn. Code Ann. § 55-10-205.   Reckless Driving.

    g. Tenn. Code Ann. § 55-8-152(c)   Speed Limit Penalties – Defendant was traveling below the minimum speed limit allowed.

32. Upon information and belief, Defendant Tana Logistics, LLC., maintained the tractor/trailer being operated by the driver, Defendant Tamrat H. Asrat for the use of business and commercial purposes.

33. At all times relevant, the tractor/trailer driven by Defendant Tamrat H. Asrat was being operated and used with the authority, consent and knowledge and/or as an agent for Defendant Tana Logistics., and/or for its use and benefit and/or as an agent for Tana Logistics., for a business purpose. Thus, Defendant Tana Logistics, LLC., is liable to the Plaintiffs for the negligence and negligence *per se* of the Defendant Tamrat H. Asrat

pursuant to the principles of *respondeat superior*, agency, bailment and/or under the presumptions set forth in Tenn. Code Ann. §§ 55-10-311 and 55-10-312.

## NEGLIGENT ENTRUSTMENT

34. Upon information and belief, Defendant Tana Logistics, LLC., furnished and/or gave permission to Defendant Tamrat H. Asrat to use the tractor/trailer and thus was negligent in entrusting the operation of the tractor/trailer owned by Tana Logistics, LLC., to Defendant Tamrat H. Asrat, which was the direct and proximate cause of the damages to Plaintiffs.

35. At all times relevant, the tractor/trailer driven by Defendant Tamrat H. Asrat was entrusted to him by Defendant Tana Logistics, LLC., in spite of Defendant Asrat's incompetence to use it and Defendant Tana Logistics, LLC's knowledge of their incompetence. Thus, Defendant Tana Logistics, LLC., is liable to the Plaintiff for the negligent entrustment of the tractor/trailer to Defendant Tamrat H. Asrat.

## NEGLIGENT HIRING

36. The Defendant Tana Logistics, LLC, negligently hired, retained, and/or was negligent in their supervision of Defendant Tamrat H. Asrat in the course and scope of his duties as an agent/employee of Tana Logistics, LLC

37. That Defendant Tana Logistics, LLC's hiring practices fall below the applicable standard of care, and result in a breach of duty to the other drivers on the road by putting untrained and/or unqualified drivers behind the wheel of their vehicles.

## NEGLIGENT SUPERVISION

38. That Defendant Tana Logistics, LLC., failed to properly maintain the tractor/trailer under their ownership and control, which contributed to and/or resulted in injury to Plaintiff.

## COMPENSATORY DAMAGES

39. Plaintiffs incorporate paragraphs 1-38 as though set forth herein verbatim.

40. Plaintiff as direct and proximate result of the negligence of the Defendants, suffered the following injuries and damages:

    a. Severe and permanent injury, caused, precipitated and/or aggravated by the wrongs complained of herein;

    b. Great fright and shock;

    c. Great physical pain and suffering, both past and future;

    d. Great mental and emotional anguish, both past and future;

    e. Medical expenses, both past and future; and

    f. Inability to enjoy the normal pleasures of life, both past and future.

## RELIEF SOUGHT

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays:

1. That Plaintiff be awarded special damages for medical, hospital and doctors expenses incurred, according to proof;

2. That Plaintiff be awarded compensatory damages in the amount of seven million dollars ($7,000,000.00);

3. That Plaintiff be awarded post-judgment interest as allowed by law;

4. That a jury be empaneled to try the issues which are joined; and

5. Such further relief as the Court may deem just and equitable.

Respectfully submitted,

Respectfully submitted,

**MORGAN & MORGAN-MEMPHIS**

BY: _____

Ryan M. Skertich (#30822)
*Attorney for Plaintiff*
80 Monroe Avenue, Suite 900
Memphis, Tennessee 38103
Phone: (901) 525-7262
Fax: (901) 524-1796
Email: rskertich@forthepeople.com